FILED
SUPERIOR COURT
OF GUAM

2018 JAN -2 PM 4: 45

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>FRANKIE CHARLES ROSALIN, *et al.*<br><br>Defendant(s). | CRIMINAL CASE NO. CF0487-17<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Frankie Charles Rosalin's ("Defendant") Motion to Sever filed October 10, 2017. Attorney Anthony C. Perez represents Defendant. Assistant Deputy Attorney General James C. Collins represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 14, 2017, Defendant and twelve other co-defendants[1] were indicted on a total of fifty-one (51) drug related charges. *See* Indictment, Sep. 14, 2017. Defendant is specifically charged with: (1) Conspiracy to Promote Major Prison Contraband (Controlled

---

[1] The Indictment also charges: Shawn Johnson, Bruno Simmons, Roxanne Hocog, Jeffrey Limo, Fermin Maratita, Edward Crisostomo, Ronald Meno, Gerry Hocog, Paul Johnson, Rosalina Hocog, Jerome San Nicolas, and Liana Cabrera. (Indictment, Sep. 14, 2017). Roxanne Hocog, Fermin Maratita, and Ronald Meno have each entered into cooperation pleas with the Government. *See* Hocog Plea Agreement, Nov. 13, 2017; Meno Plea Agreement, Nov. 13, 2017; and Maratita Plea Agreement, Nov. 21, 2017. A Bench Warrant was issued for Liana Cabrera on October 5, 2017, for her failure to show up for her Arraignment Hearing on October 4, 2017.

---

Substance) (As a Second Degree Felony) and Two Counts of Official Misconduct (As a Misdemeanor).[2] *Id.* These charges stem from a Mandana Drug Task Force investigation concerning the distribution of methamphetamine into the Department of Corrections. (Decl. of Matthew A. Phelps, Magistrate's Compl., Aug. 25, 2017).

On October 10, 2017, Defendant filed the instant motion to sever.[3] On October 20, 2017, the Government filed its Opposition to the Motion.

## DISCUSSION

The issue before the Court is whether Defendant's trial should be severed from his remaining co-defendants. Guam law on severance provides:

> If it appears that a defendant or the government *is prejudiced* by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court *may* order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35 (emphasis added). Section 65.35 mirrors Rule 14(a) of the Federal Rules of Criminal Procedure. *See* 8 G.C.A. § 65.35, Note. Rule 14(a) provides:

> (a) RELIEF. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Accordingly, the Court may turn to federal case law interpreting the analogous federal rules for guidance.

There is a general preference for joint trials of defendants who are indicted together, as joint trials serve a number of purposes:

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again

---

[2] These charges are listed as Charge Twenty and Charge Twenty-One in the Indictment.

[3] Co-defendants Gerry Hocog, Jeffrey Limo, and Rosalina Hocog have also filed motions to sever in this matter. On October 25, 2017, the Court granted co-defendant Gerry Hocog's Motion to Sever. *See* Dec. & Order, Oct. 26, 2017. On November 15, 2017, the Government indicated it would not be opposing Rosalina Hocog's Motion to Sever. Co-defendant Jeffrey Limo's Motion to Sever is pending the resolution of the Government's Motion for Disqualification of Defense Counsel.

and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987). The trial court has great discretion when ruling on a motion to sever. *Zafiro v. United States*, 506 U.S. 534, 538-39 ("Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). The Court must balance the rights of the defendant to a fair trial absent prejudice, which may result from the joinder. *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).

Here, Defendant argues that severance is necessary because his Sixth Amendment right of confrontation will be violated and he will suffer extensive prejudice from a joint trial. *See generally*, Mot., Oct. 10, 2017. Defendant argues that he will "suffer undue prejudice if he is tried jointly with co-defendants Maratita and Johnson because the Government may introduce at trial pretrial statements made by those co-defendants which implicate Rosalin and Rosalin will be unable to confront those co-defendants regarding these inculpating statements." *Id.* at 4. As an initial matter, co-defendant Maratita entered into a cooperation plea agreement with the Government on November 17, 2017, and therefore any confrontation clause issue with regard to statements made by him are now moot. In regards to co-defendant Johnson, the Court understands that the statements at issue involve alleged text messages from Johnson to Defendant during the course of the alleged conspiracy. *See* Mot. at 2, Oct. 10, 2017; Opp'n at 6-7, Oct. 20, 2017.

The Confrontation Clause of the Sixth Amendment guarantees criminal defendant's the right "to be confronted with the witnesses against him." U.S. CONST. amend. XI. "Where testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination." *Crawford v.*

*Washington*, 541 U.S. 36, 53-54 (2004). "Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Severance of defendants is thus required in cases where the confession of a non-testifying co-defendant implicate the other defendant, as the defendant's constitutional right to confront witnesses against him would be infringed. *Bruton v. United States*, 391 U.S. 123, 133-36. This is regardless of whether the jury is instructed to consider that confession only against the codefendant. *Id.*

*Bruton* and the Confrontation Clause are not violated, however, if a co-defendant's statement is redacted to eliminate not only the defendant's name, but any reference to the defendant's existence. *Richardson*, 481 U.S. at 211 ("We hold that the Confrontation Clause is not violated by the admission of a non-testifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."). *Crawford* also describes "statements in furtherance of a conspiracy" as "statements that by their nature [are] not testimonial." *Crawford*, 541 U.S. at 56. Thus, co-conspirator statements made in furtherance of a conspiracy would be nontestimonial and beyond the scope of *Crawford* and *Bruton*. *See, e.g., Bourjaily v. United States*, 483 U.S. 171, 181-82 (1987) (agreeing with the lower court that there was no constitutional problem when statements were admitted without the opportunity to confront the witness who made them because requirements for admission of an out of court statement under the hearsay exception in Rule 801(d)(2)(E) for statements made in furtherance of a conspiracy are "identical to the requirements of the Confrontation Clause"); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) ("co-conspirator statements are not testimonial and therefore beyond the compass of *Crawford's* holding."); *United States v. Coco*, 923 F.2d 759, 761 (8th Cir. 1991) ("We have explicitly held that *Bruton* is not violated when the hearsay statement is otherwise admissible under Rule 801(d)(2)(E) [the co-conspirator exception to the rule against hearsay]. The Confrontation Clause is satisfied when the out-of-court statement in question comes within a firmly rooted hearsay exception."); *United States v. Patterson*, 713

F.3d 1237, 1247 (10th Cir. 2013) ("because these statements were made in furtherance of a conspiracy, they are nontestimonial and present no Sixth Amendment problem").

The Government argues that "in the specific context of conspiracy cases, statements made during the course of a conspiracy are 'non-testimonial' and may therefore be admitted against a defendant at trial." (Opp'n at 7) (citing *Allen*, 425 F.3d at 1235). Here, the alleged text messages between Defendant and Johnson occurred during the course of the conspiracy, and the Court is still inclined to agree that the text messages would be considered non-testimonial and therefore do not fall under *Bruton* or *Crawford*. Therefore, the Court will not grant Defendant's Motion to Sever on that basis.

Defendant also moves the Court to sever his trial from his co-defendants because he will suffer extensive prejudice. Specifically, Defendant argues that:

> (1) he may become embarrassed or confounded in presenting separate defenses, (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on part of the defendant from which is found guilty of the other crime or crimes charged, or (3) the jury may cumulate the evidence of various crimes charged and find guilt when, if considered separately, it would not so find.

(Opp'n at 5).

"[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540 (citation omitted).

> It is not surprising that a defendant might prefer to be tried separately so that only evidence admissible strictly against him would be heard by the jury. However, if this formed the only basis for prejudice required for severance, the consequent volume of separate trials of multiple actions in a series of similar and connected illegal transactions would create an intolerable burden on the trial courts. Serious consider is properly to be given to the factor of judicial economy by the trial court in the exercise of its discretion when severance is sought.

*U.S. v. Kennedy*, 564 F.2d 1329, 1334 (9th Cir. 1977). Only where joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," must the Court grant severance. *Zafiro*, 506 U.S. at 539.

This Court previously granted co-defendant Gerry Hocog's Motion to Sever, finding that the asserted status of the case with twelve defendants calendared to go to trial together created administrative difficulties for the Court and that there was also a greater likelihood that Defendant may be prejudiced by a joint trial. *See generally,* Dec. & Order, Oct. 26, 2017. Today, the complexity of the case has changed. Three co-defendants have entered into cooperation plea agreements with the Government: Roxanne Hocog, Ronald Meno, and Fermin Maratita. Two other co-defendants have also been severed: Gerry Hocog and Rosalina Hocog. Therefore, there are seven defendants currently set to go to trial together in mid-2018: Defendant, Shawn Johnson, Bruno Simmons, Paul Johnson, Edward Crisostomo, Jerome San Nicolas, and Jeffrey Limo. Some of these remaining co-defendants have also indicated to the Court that they are in negotiations with the Government. At this time, the Court finds that any potential prejudice may be reduced in the form of limiting instructions. *See, e.g., United States v. Fernandez,* 559 F.3d 303, 317 (5th Cir. 2009); *United States v. Wilson,* 605 F.3d 985, 1016 (D.C. Cir. 2010). Further, while Defendant's alleged role in the conspiracy may not be as large as others, the Court finds that his joinder in this matter appropriate. *See, e.g., United States v. Natanel,* 938 F.3d 302, 307 (1st Cir.) ("it is not a necessary precondition to joinder that a defendant be involved in each offense charged in an indictment; joinder is proper as long as there is some common activity binding the objecting defendant with all the other indictees and that common activity encompasses all the charged offenses."). Therefore, the Court will also not grant Defendant's motion on this basis and DENIES the Motion to Sever.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Sever. A Further Proceedings is set for January 31, 2018 at 11:00 a.m. before Judge Anita A. Sukola.

**IT IS SO ORDERED** this 29th day of December, 2017.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
C. van de Veld, A. Perez, John Terlaje, D. Hiton, D. Moylan, T. Timblin, W. Fole, D. Lujan, T. Fisher, H. Trapp, J. Maher
Date: 1/3/18 Time: 5:40pm
Antonio F. Cruz.
Deputy Clerk, Superior Court of Guam

*People v. Rosalin, et. al.*
Case No. CF0487-17
Decision and Order